**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

  **v.**                             //        **CRIMINAL NOS. 1:06CR62**
                                                **(Judge Keeley)**

**MICHELLE DENAY CYRUS,**

       **Defendant.**

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION**
**FOR REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)**

On January 27, 2009, the defendant, Michelle Denay Cyrus ("Cyrus"), through counsel, filed an amended motion seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10. Cyrus requested that the Court reduce her base offense level by two-levels, in light of the United States Sentencing Commission's retroactive amendment to the crack cocaine guidelines. Although she expressly waived any arguments she may have to a greater reduction, she asked the Court to consider a sentence at the low-end of her advisory guideline range, despite the fact that she was originally sentenced in the middle of her advisory guideline range.

In support of this request, Cyrus attached documentation indicating that, since being incarcerated, she has obtained her GED and completed courses in parenting, drug education, "literacy requirements," nutrition and crochet. In addition, she has completed a "mind over mood" self-help program and a "True Colors" workshop. She further notes that she is working on an Associates

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION
FOR REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)**

Degree in Business through a correspondence course with Ashworth University. She argues that these accomplishments warrant consideration by the Court and a sentence at the low-end of the new sentencing range.

On February 20, 2009, the Government responded to Cyrus's amended motion, indicating that although it does not object to the two-level reduction pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10, it does object to Cyrus's request for a sentence at the low-end of the new advisory guideline range. It argues that the Court originally sentenced Cyrus to the middle of the advisory guideline range to reflect Cyrus's post-plea misconduct for using marijuana pending sentencing. It notes that, at the time of her sentencing, the Court opted to sentence Cyrus in the middle of her advisory guideline range in lieu of revoking her acceptance of responsibility in response to her post-plea drug use. The Government further argues that 18 U.S.C. § 3582(c) does not authorize the Court to grant Cyrus more than a "straight" two-level reduction, thereby placing her at the middle of the guideline range.

After careful consideration, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Cyrus's amended motion for a sentence reduction

### MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION
### FOR REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)

(dkt. no. 42). Specifically, the Court grants the two-level reduction pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10, but re-sentences Cyrus to the middle of her new advisory guideline range. While commending Cyrus for bettering herself through active participation in the various programs and classes offered through the Bureau of Prisons, given the basis on which it originally sentenced Cyrus, the Court declines to resentence her to a sentence at the lowest end of her new guideline range. Her sentence of fifty-four (54) months, which is at the middle of the applicable guideline range, will be imposed by separate Order, entered contemporaneously with this Order.

Finally, the Court **DENIES AS MOOT** Cyrus's prior motions seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) and USSG 1B1.10 (dkt. nos. 38 and 40).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this order to counsel of record, the defendant and all appropriate agencies. DATED: March 3, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE